UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>            Plaintiff,<br><br>       v.<br><br>RON RACKLEY, WARDEN, et al.,<br><br>            Defendants. | No.  2:16-cv-2922 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner housed at Folsom State Prison.  By order filed December 23, 2016, plaintiff was informed that he must file a complaint or a petition and either pay the required filing fee or file an application to proceed in forma pauperis, in order to commence an action.  (ECF No. 4.)  Because his allegations were unclear, the clerk was directed to send plaintiff the forms for filing a civil rights action and a petition for writ of habeas corpus.  (ECF No. 4 at 2.)  On December 30, 2016, plaintiff filed a request for extension of time; on January 10, 2017, plaintiff was granted an extension of thirty days.

     On January 30, 2017, plaintiff filed what appears to be a letter addressed to the clerk and the judge, and states that the document is in support of his case.  (ECF No. 10 at 1.)  Plaintiff claims he is not a gang member and that witnesses lied at the preliminary hearing and at trial.  While not entirely clear, it appears plaintiff attempts to challenge facts used against him in the underlying criminal proceeding which took place in the Los Angeles County Superior Court.

1

(ECF No. 10 at 4.)  Plaintiff was convicted in Los Angeles County.  People v. Robinson, No. B220185, 2011 WL 6004364, at *2 (Cal. Ct. App. Dec. 1, 2011) (Los Angeles County Superior Court No. PA063541).  Plaintiff appended copies of pages from the reporter's transcript on appeal.  (ECF No. 10 at 4-53.)  Plaintiff also appended handwritten pages of "case law in support," which allege violations of the Sixth Amendment, the Confrontation Clause, Brady violations, etc., all of which are challenges to his underlying conviction.

Court records[1] reflect that plaintiff is presently challenging, in a petition for writ of habeas corpus brought through appointed counsel, the merits of his 2009 conviction for one count of making a criminal threat, and two counts of forcefully resisting arrest, with an enhancement for a prior strike.  Robinson v. Hill, 2:13-cv-1311 TJH KES (C.D. Cal.) (ECF No. 144 at 12).  On June 27, 2016, plaintiff's counsel filed a 70 page second amended petition.  Id.  On March 1, 2017, the court ordered the respondent to file an answer to the second amended petition on or before April 1, 2017.  Id.

The court finds that this action must be dismissed for the following reasons.

First, plaintiff did not complete any of the pleading forms provided.  The document filed by plaintiff cannot be construed as a petition for writ of habeas corpus or a civil rights complaint, even though the filing is docketed as plaintiff's amended complaint.

Second, plaintiff cannot challenge his 2009 conviction in this court as well as in the Central District.  Generally, plaintiff must raise all of his challenges to the 2009 conviction in one petition.  28 U.S.C. § 2244(a).  Moreover, as plaintiff was informed in the December 23, 2016 order, any challenge to his conviction in Los Angeles County must be raised in the Central District.  Because plaintiff has not filed a petition for writ of habeas corpus in this court, and his appointed counsel is already pursuing habeas relief in the Central District, the undersigned will not recommend that this action be transferred to the Central District.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).  Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2).

2

Third, the plaintiff included "BPH" (Board of Parole Hearings) after listing Ron Rackley in his most recent filing, and on the very last page of his filing he states "grant parole reversal." (ECF No. 10 at 83.)  There are no other allegations concerning a denial of parole, and plaintiff does not identify a parole hearing or provide a parole decision that he allegedly challenges.  In addition, plaintiff is already pursuing a challenge to the denial of parole in Robinson v. Rackley, No. 2:17-0162 AC (E.D. Cal.).  Thus, the court will not grant plaintiff leave to file an amended habeas petition challenging parole.

Fourth, plaintiff failed to pay the court's filing fee or to submit a request to proceed in forma pauperis.  Because the nature of plaintiff's allegations are unclear, the court is unable to assess a filing fee.  As explained in the court's prior order, this court cannot commence an action without a pleading.  Despite providing plaintiff with the forms he could use to complete and file a pleading, plaintiff has failed to do so.

For all of these reasons, it is recommended that this action be dismissed without prejudice for plaintiff's failure to comply with court orders.  Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 7, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robi2922.56

3